UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
KATERYNA MATVEIEVA,

                        Plaintiff,

                        **AMENDED COMPLAINT**

            -against-

                        **15 Civ. 3926 (RRM) (VMS)**

THE CITY OF NEW YORK, TRAFFIC ENFORCEMENT
AGENT SHEENA CABRERA, Tax Id No. 361277, Individually
and in her Official Capacity, P.O. FRANCESE CUSAMINO,     **JURY TRIAL DEMANDED**
Tax Id No. 938308, Individually and in her Official Capacity,
and P.O.s "JOHN and JANE DOE" #1-10, Individually and in     **ECF CASE**
their Official Capacities, (the name "John and Jane Doe" being
fictitious, as the true names are presently unknown),

                      Defendants.

-------------------------------------------------------------------------X

        Plaintiff, KATERYNA MATVEIEVA, by her attorney, Jon L. Norinsberg, Esq., complaining of the defendants, respectfully alleges as follows:

**PRELIMINARY STATEMENT**

        1.      Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of her civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

**JURISDICTION**

        2.      This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

        3.      Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff is a Caucasian female and was at all relevant times a resident of the City and State of New York.

7. Defendant, the City of New York, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, the City of New York, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, the City of New York.

9. At all times hereinafter mentioned, the individually named defendants, TRAFFIC ENFORCEMENT AGENT SHEENA CABRERA (AGENT CABRERA), P.O. FRANCESE CUSAMINO, and P.O.s "JOHN and JANE DOE" #1-10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official

rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant City of New York.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant City of New York.

### **FACTS**

13. On or about March 21, 2015, at approximately 1:00 P.M., plaintiff KATERYNA MATVEIEVA had lawfully parked her White 2014 Volkswagen Jetta at the corner of 86th Street and Eighteenth Avenue, in the County of Kings, City and State of New York.

14. At the aforementioned time and place, plaintiff KATERYNA MATVEIEVA was with her fourteen-year-old daughter Mariya Samufalova.

15. Thereafter, plaintiff KATERYNA MATVEIEVA went to the electronic parking meter to purchase a parking receipt.

16. As plaintiff KATERYNA MATVEIEVA returned to place the parking receipt in her dashboard, defendant AGENT CABRERA had already given plaintiff KATERYNA MATVEIEVA a ticket.

17. Plaintiff KATERYNA MATVEIEVA immediately showed AGENT CABRERA the parking receipt, and explained that this ticket was issued in the time from when the automobile was parked to when plaintiff KATERYNA MATVEIEVA went to pay at the parking meter.

18. In fact, the ticket issued to plaintiff KATERYNA MATVEIEVA was issued *after* the parking meter receipt was issued.

19. Defendant AGENT CABRERA ignored plaintiff KATERYNA MATVEIEVA, and still issued the ticket to plaintiff.

20. Plaintiff KATERYNA MATVEIEVA again tried to get the attention of defendant AGENT CABRERA, while also showing the officer the parking receipt.

21. Defendant AGENT CABRERA then yelled "I am tired of all this," and proceeded to arrest plaintiff KATERYNA MATVEIEVA.

22. Thereafter, four additional police cars arrived on the scene.

23. In connection with this arrest, defendants filled out false and misleading police reports, and forwarded these reports to prosecutors in the Kings County District Attorney's Office.

24. Specifically, defendant AGENT CABRERA lied about plaintiff KATERYNA MATVEIEVA placing her hands on defendant AGENT CABRERA when in fact no such touch took place.

25. Plaintiff KATERYNA MATVEIEVA was then taken to central booking.

26. As this was happening to plaintiff KATERYNA MATVEIEVA, her fourteen-year-old daughter, Mariya Samufalova was left alone by defendant police officers at the scene, with no money and no way to get home.

27. Plaintiff KATERYNA MATVEIEVA was pleading with defendant police officers to take care of her daughter, to no avail.

28. Plaintiff KATERYNA MATVEIEVA was then taken to central booking.

29. While at central booking, plaintiff KATERYNA MATVEIEVA had no idea that whereabouts of her daughter Mariya Samufalova.

30. At her arraignment Plaintiff KATERYNA MATVEIEVA took an adjournment in contemplation of dismissal.

31. Plaintiff KATERYNA MATVEIEVA was released from custody at approximately midnight.

32. As a result of the foregoing, plaintiff KATERYNA MATVEIEVA sustained, *inter alia*, loss of liberty for approximately one (1) day, emotional distress, embarrassment and humiliation and deprivation of her constitutional rights.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

33. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "32" with the same force and effect as if fully set forth herein.

34. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

35. All of the aforementioned acts deprived plaintiff KATERYNA MATVEIEVA of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

36. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

37. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

38.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

39.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40.     As a result of defendants' aforementioned conduct, plaintiff KATERYNA MATVEIEVA was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings, without any probable cause, privilege or consent.

41.     As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and she was put in fear for her safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

## THIRD CLAIM FOR RELIEF
## DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL
## UNDER 42 U.S.C. § 1983

42.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "41" as if the same were more fully set forth at length herein.

43.     Defendants created false evidence against plaintiff KATERYNA MATVEIEVA.

44.     Defendants forwarded false evidence and false information to prosecutors in the Kings County District Attorney's Office.

45.     In creating false evidence against plaintiff KATERYNA MATVEIEVA , in forwarding false evidence and information to prosecutors, and in providing false and misleading

6

testimony, defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

46. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and she was put in fear for her safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

### FOURTH CLAIM FOR RELIEF
### MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

47. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "46" with the same force and effect as if fully set forth herein.

48. The aforementioned individual defendants issued legal process to place plaintiff KATERYNA MATVEIEVA under arrest.

49. The aforementioned individual defendants arrest plaintiff KATERYNA MATVEIEVA in order to obtain a collateral objective outside the legitimate ends of the legal process.

50. The aforementioned individual defendants acted with intent to do harm to plaintiff KATERYNA MATVEIEVA, without excuse or justification.

51. As a result of the foregoing, plaintiff KATERYNA MATVEIEVA sustained, *inter alia*, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of her constitutional rights.

### FIFTH CLAIM FOR RELIEF
### MUNICIPAL LIABILITY

52. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "51" as if the same were more fully set forth at length herein.

53. Defendants arrested and incarcerated plaintiff KATERYNA MATVEIEVA in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize plaintiff's liberty, well-being, safety and constitutional rights.

54. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

55. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

56. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted a deliberate indifference to the safety, well-being and constitutional rights of plaintiff KATERYNA MATVEIEVA.

57. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff KATERYNA MATVEIEVA as alleged herein.

58. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff KATERYNA MATVEIEVA as alleged herein.

59. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff KATERYNA MATVEIEVA was incarcerated unlawfully.

60. Defendants, collectively and individually, while acting under color of state law were directly and actively involved in violating the constitutional rights of plaintiff KATERYNA MATVEIEVA.

61. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff KATERYNA MATVEIEVA's constitutional rights.

62. All of the foregoing acts by defendants deprived plaintiff KATERYNA MATVEIEVA of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from seizure and arrest not based upon probable cause;

    C. To be free from unwarranted and malicious criminal prosecution;

    D. Not to have cruel and unusual punishment imposed upon him; and

    E. To receive equal protection under the law.

**WHEREFORE**, plaintiff KATERYNA MATVEIEVA demands judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees, costs, and disbursements of this action.

Dated: New York, New York
October 22, 2015

BY:    /s/
JON L. NORINSBERG
225 Broadway, Suite 2700
New York, N.Y. 10007
(212) 791-5396
Jon@norinsberglaw.com
*Attorneys for Plaintiff*